UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RICKY MOORE,

                                  Plaintiff,        Case # 18-CV-6272-FPG

v.                                                    DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                  Defendant.
_____

## INTRODUCTION

Plaintiff Ricky Moore brings this appeal seeking review of Defendant's denial of his application for supplemental security income (SSI). Plaintiff applied for SSI under Title XVI of the Social Security Act on December 16, 2014. Tr.[1] 207-212. After his claim was initially denied, he testified at a hearing before Administrative Law Judge Brian Kane (the ALJ) on March 24, 2017. Tr. 14. The ALJ issued a decision finding Plaintiff not disabled on May 8, 2017. Tr. 14-26. On February 7, 2018, the Appeals Council declined to review the ALJ's decision, thereby rendering it the Commissioner's final decision. Tr. 1-4.

Plaintiff appealed that decision to this Court.[2] ECF No. 1. Both parties have moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). ECF Nos. 11, 14. For the following reasons, the Commissioner's motion is DENIED, Plaintiff's motion is GRANTED, and this case is remanded for further proceedings.

---

[1] "Tr." refers to the administrative record in this matter.

[2] The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c).

## BACKGROUND

Plaintiff is 51 years' old and previously worked as a machine operator and stocker. ECF No. 11-1 at 4. Before 2007, he received physical therapy and injections for back pain he was experiencing, neither of which was effective. Tr. 21. He then underwent hip surgery in 2006 and back surgery in 2007. *Id.* He alleges disability beginning on October 29, 2013, based on his continued lower back and hip pain. Tr. 240-43.

In his decision, the ALJ concluded that Plaintiff had three severe impairments: alcohol dependence, antisocial behavior disorder, and lower back disorder. Tr. 16-19. Because of Plaintiff's alcohol dependence, the ALJ analyzed whether Plaintiff's severe impairments would prevent him from working if he ceased consuming alcohol[3] and found that Plaintiff would have the residual functional capacity (RFC) to perform the full range of "light work."[4] Tr. 16-21.

The ALJ's RFC assessment was based on Plaintiff's hearing testimony and the medical evidence in the record, the latter of which contained notes and opinions from various medical sources. Tr. 21-24. As relevant here, Sarah Bolduc, M.D., examined Plaintiff on October 28, 2015, and concluded Plaintiff could engage in work, education, and training activities for up to forty hours per week with reasonable accommodations. Specifically, she opined that Plaintiff could not engage in "repetitive bending, twisting, or lifting" of more than five-to-ten pounds and needed to be able to sit or stand at will.[5] Tr. 637. She further opined that Plaintiff could walk,

---

[3] ALJs are required to conduct this analysis. 20 C.F.R. § 416.935.

[4] A plaintiff can perform light work if he can work in a job that requires lifting "no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and a "good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 416.967(b).

[5] Dr. Bolduc's recommended accommodations are handwritten, difficult to read at best, and nearly illegible at worst. They appear to read as follows: "no repetitive bending, twisting, or lifting 5-10 lbs. needs to be able to sit/stand at will." Tr. 637. The word "repetitive" and the numbers preceding "lbs." are especially difficult to read. Because Plaintiff's brief reads the accommodations the same as the Court and the Commissioner has not disputed that reading, the Court will accept them as it reads them.

stand, sit, see, hear, and speak for more than four hours a day, but could only push, pull, bend, lift, and carry for one-to-two hours per day. Tr. 637.

The ALJ assigned "significant weight" to Dr. Bolduc's opinion because she was Plaintiff's primary care physician "for [a] period of time," she examined Plaintiff before providing her opinion, and her opinion was supported by the medical evidence in the record. Tr. 23. The ALJ did not include Dr. Bolduc's recommended accommodations in his RFC assessment and did not explain the omission.

## DISCUSSION

Plaintiff argues, in part, that the ALJ erred by failing to explain why he did not include Dr. Bolduc's recommend accommodations in his RFC assessment even though he assigned her opinion significant weight. ECF No. 11-1 at 16-18. The Court agrees.[6]

A claimant's RFC reflects what he "can still do despite . . . [his] limitations." *Desmond v. Astrue*, No. 11-CV-0818 (VEB), 2012 WL 6648625, at *5 (N.D.N.Y. Dec. 20, 2012) (quoting *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999)). ALJs "weigh all of the evidence available to make an RFC finding that [i]s consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (citation omitted) (summary order).

In reviewing the ALJ's RFC assessment, courts must determine whether it—and the decision as a whole—is supported by substantial evidence or based on legal error. *Lockwood v. Comm'r of Soc. Sec. Admin.*, 914 F.3d 87, 91 (2d Cir. 2019) (citations omitted).

Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Heaman v. Berryhill*, 765 F. App'x 498, 499 (2d Cir. 2019) (citation and quotation marks omitted) (summary order). It is a "very deferential standard of

---

[6] Plaintiff makes other arguments the Court does not consider.

review" that means an ALJ's findings may only be rejected "if a reasonable factfinder would *have to conclude otherwise*." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam) (citations and quotation marks omitted).

District courts within the Second Circuit have consistently held that ALJs "are not required to reconcile . . . every conflicting shred of medical testimony," and that they may rely on portions of medical source opinions. *Chmura v. Berryhill*, No. 16-CV-205-FPG, 2017 WL 1829728, at *3 (W.D.N.Y. May 8, 2017) (citations and quotation marks omitted). They are required, however, to thoroughly explain why they adopt only portions of a medical opinion if they do so. *See Shaw v. Chater*, 221 F.3d 126, 135 (2d Cir. 2000) (finding the ALJ erred when he rejected a disability finding in a medical opinion but relied on observations in the opinion showing improvement as proof plaintiff was not disabled); *Robinson v. Barnhart*, 366 F.3d 1078, 1083 (10th Cir. 2004) ("The ALJ is not entitled to pick and choose from a medical opinion, using only those parts that are favorable to a finding of nondisability."); *Younes v. Colvin*, No. 1:14-CV-170 (DNH/ESH), 2015 WL 1524417, at *8 (N.D.N.Y. Apr. 2, 2015) (holding that an ALJ must have "sound reason[s]" for weighting portions of a medical opinion differently if "doing so smacks of 'cherry picking'").

Here, the ALJ committed legal error by granting significant weight to Dr. Bolduc's opinion and not explaining why he adopted only the portions of her opinion that supported his finding. The error is particularly egregious in this case; the ALJ's description of Dr. Bolduc's opinion shows that he deliberately ignored Dr. Bolduc's recommended accommodations. The relevant parts of Dr. Bolduc's opinion comprise two pages. Tr. 637-38. At the top of the first page, she indicated that Plaintiff could participate in work, education, or training activities for up to forty

hours per week with reasonable accommodations. Tr. 637. Four lines below the selection, she described her recommended accommodations. *Id.*

In his decision, the ALJ explains that Dr. Bolduc opined that Plaintiff "could engage in activities for up to 40 hours [per] week with reasonable accommodations," but makes no mention of the recommended accommodations explained four lines below that conclusion. Tr. 23. The two findings—forty hours with reasonable accommodations and the recommended accommodations—are so close on the page that the ALJ could not have mistakenly overlooked the recommended accommodations.

Furthermore, the selection itself—forty hours per week *with reasonable accommodations*—indicates to any reader that Dr. Bolduc would explain those accommodations in the designated space four lines below it. The ALJ simply chose not to include them in the RFC nor explain why he did so.

Most importantly, the accommodations Dr. Bolduc recommended are not consistent with light work. If Plaintiff cannot repetitively lift five-to-ten pounds, he cannot perform light work; it requires "frequent" lifting or carrying of objects weighing up to ten pounds. 20 C.F.R. § 416.967(b). It also entails "sitting most of the time," which directly contradicts Dr. Bolduc's mandate that Plaintiff be able to sit or stand at will. The ALJ erred in ignoring the recommendations and failing to reconcile them with his RFC assessment. Remand is therefore required. *Searles v. Astrue*, No. 09-CV-6117, 2010 WL 2998676, at *4 (July 27, 2010) (finding the ALJ's RFC assessment unsupported by substantial evidence where the ALJ assigned significant weight to a medical opinion but ignored portions of it).

## CONCLUSION

For the foregoing reasons, the Commissioner's Motion for Judgment on the Pleadings, ECF No. 14, is DENIED, Plaintiff's Motion for Judgment on the Pleadings, ECF No. 11, is GRANTED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: June 21, 2019
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court